No. 97-437

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 69N

IN RE THE MARRIAGE OF

LINDA LEE PULVER,

Petitioner and Respondent,

and

STANLEY DELANO PULVER,

Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

George T. Radovich, Attorney at Law, Billings, Montana

For Respondent:

Jill Deann LaRance, Attorney at Law, Billings, Montana

Submitted on Briefs: March 19, 1998

Decided:    March 31, 1998
Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Stanley Delano Pulver (Stan) appeals from the decision of the Thirteenth Judicial District Court, Yellowstone County, dissolving the parties' marriage and distributing the marital property.  Linda Lee Pulver (Linda) petitioned for dissolution of the Pulvers' marriage.  In distributing the marital property, the District Court awarded the Pulvers' home to Linda in lieu of maintenance and awarded Stan his retirement and workers' compensation benefits.  Stan appeals to this Court seeking sale of the home and a percentage of the proceeds.  We affirm.

Background

¶3    Linda and Stan married in Ranchester, Wyoming in 1986.  There is no issue of the marriage.  The parties separated in 1996 and thereafter sought a dissolution of their marriage.  Linda works as a manager trainee at Holiday Station Stores.  Linda nets approximately $960 per month. Stan receives retirement and workers' compensation benefits approximating $2,900 per month.  The Pulvers own a home and various other assets.  The home, valued at $78,000, constituted approximately 75% of the parties' assets which totaled $100,531 and approximately 91% of their liabilities which totaled $47,748 ($43,700 of which is represented by the home mortgage).

¶4    The District Court determined that Linda's monthly liabilities exceed her income and thus, based on the marital standard of living and Stan's ability to pay, awarded maintenance.  In lieu of monthly maintenance payments, the court awarded the home to Linda.  Stan appeals to this Court asserting that the District Court failed to consider Linda's ability to increase her income, and the fact that Stan's permanent disability prohibits him from increasing his income.  In addition, Stan maintains that the court did not take into consideration his monthly medical expenses.  The sole issue on appeal is whether the District Court erred in distributing the marital estate pursuant to  40-4-202, MCA.

Discussion

¶5    The standard of review of a District Court's division of marital property is whether the District Court's findings are clearly erroneous.  In re Marriage of Hogstad (1996), 275 Mont. 489, 496, 914 P.2d 584, 588.  If substantial evidence supports the District Court's judgment, it will not be disturbed absent an abuse of discretion.  Marriage of Hogstad, 914 P.2d at 588.  Section 40-4-202, MCA, provides that the court apportion property based on a series of factors.  The factors include the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs

of each of the parties. In addition, the court should consider whether the apportionment is in lieu of or in addition to maintenance, and the opportunity of each for future acquisition of capital assets and income. Section 40-4-202, MCA. The District Court's findings regarding the distribution of property are not clearly erroneous.

¶6 Stan asserts that the District Court failed to consider certain facts and as a result, the property distribution is inequitable. However, the District Court's findings of fact and conclusions of law clearly show that the court considered all relevant factors in distributing the marital property.

¶7 The District Court considered the fact that Stan was not employable at the time of trial and that, although Linda was employed in a manager training program that could result in an advanced position and income, her current income was insufficient for Linda to support herself. Thus, the District Court considered the future opportunities of the parties in compliance with 40-4-202, MCA. In addition, the District Court considered Stan's monthly medical bills, which the court valued at approximately $400 per month. However, the District Court determined that, despite the stagnate nature of Stan's income and his monthly medical obligations, a disproportionate division of property was appropriate in this case.

¶8 The District Court found that Stan was being dishonest with regard to his income and had depleted the marital assets. In reviewing the financial records of Stan, the court found that Stan had the ability to pay maintenance. In lieu of maintenance, the District Court awarded the home to Linda. The District Court did not abuse its discretion in awarding the home in lieu of maintenance. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER